UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nakia Clemmons, # 261888, | ) | C/A No. 0:08-607-RBH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| South Carolina and Warden Bodison, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

       The petitioner, Nakia Clemmons, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). The petitioner paid the $5 filing fee.

       Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the Rules Governing Habeas Corpus Cases Under Section 2254,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even when considered under this less stringent

---

[1] The federal rules governing Section 2254 cases may be applied to habeas cases filed under Section 2241. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.



standard, however, the undersigned has concluded that the petition submitted in the above-captioned case is subject to summary dismissal, as the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

The petitioner filed this § 2241 petition on February 22, 2008, seeking to vacate his 1999 South Carolina convictions for criminal sexual conduct 1st degree, kidnaping, and assault and battery of a high and aggravated nature ("ABHAN") and his sentence of 48 years. These are the same convictions and sentence which he attacks in a pending § 2254 action, *Clemmons v. Warden of Lieber Correctional Institution*, C/A No. 0:07-2906-RBH-BM.  On May 5, 2008, the undersigned entered a report in C/A No. 0:07-2906 recommending that that case should be dismissed for lack of prosecution.

As for the petition in the case at bar, the petition was not signed by the petitioner and it sets forth no grounds for relief.  Therefore, this Court instructed the petitioner as to what he must do to bring this case into proper form, and gave him two extensions of time to do so.  *See* Order filed 3/12/2008; Order filed 4/14/2008.  Petitioner was also warned that failure to provide the necessary information within the timetable set forth for doing so would subject this case to dismissal.

The time to bring this case into proper form has now lapsed, and the petitioner has failed to respond to this Court's April 14, 2008 Order.  Accordingly, he has failed to provide his signature on the habeas petition and failed to articulate any ground for relief, as instructed.  Based



on this failure, this action should be dismissed for lack of prosecution.[2] *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41, Fed.R.Civ.P.

As a further ground for summary dismissal, the undersigned also finds that this habeas petition does not set forth a cognizable claim under § 2241. A § 2241 petition generally challenges the execution or implementation of a prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780 at *4 (D.S.C. 2006). Here, it is clear that the petitioner solely requests that this Court vacate his state sentence and convictions, which relief is properly sought under § 2254. Because the petitioner is in custody pursuant to the judgment of a state court, he cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Therefore, this § 2241 petition should be dismissed for failure to state a cognizable claim.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

---

[2] Contemporaneously with this Report and Recommendation, the undersigned has entered an Order directing the Clerk of Court not to issue service of process in this case.



petition and direct the clerk to notify the petitioner).

*The petitioner's attention is directed to the important notice on the next page.*

                                                                        Bristow Marchant
                                                                         United States Magistrate Judge

May16, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

