UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nakia Clemmons, # 261888,                )                    | C/A No. 0:08-607-RBH-BM |
|                               Petitioner,    )    | |
| vs.                                                                   )                      | Report and Recommendation |
| South Carolina and Warden Bodison,     )                      | |
|                               Respondent.   )    | |

## Introduction

The petitioner, Nakia Clemmons, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is an inmate at the Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). The petitioner paid the $5 filing fee.

This matter is before the undersigned "for further proceedings" pursuant to Order of the Honorable R. Bryan Harwell, United States District Judge, filed May 29, 2008. A review of the file reveals that a Report and Recommendation was entered on May 16, 2008, which recommended that this action be dismissed for lack of prosecution and for failure to state a cognizable claim. Thereafter, the petitioner filed objections and other documents, and the matter was recommitted to the undersigned to determine whether the case is now in proper form. After review of the file,



including the petitioner's objections and attachments filed as Docket Entries 28, 29, and 33, the undersigned again concludes that this case should be summarily dismissed.[1]

## Discussion

On August 22, 2007, the petitioner filed a separate § 2254 habeas action, *Clemmons v. Warden of Lieber Correctional Institution*, C/A No. 0:07-2906-RBH-BM, wherein he sought to vacate his 1999 South Carolina convictions for criminal sexual conduct 1st degree, kidnaping, and assault and battery of a high and aggravated nature ("ABHAN") and his sentence of 48 years. On May 29, 2008, that § 2254 petition was dismissed with prejudice for lack of prosecution, and with the consent of the petitioner. *See Id.* at Docket Entry #56.

However, on February 22, 2008, the petitioner had also filed this § 2241 petition *sub judice* seeking to vacate the same 1999 South Carolina convictions for criminal sexual conduct 1st degree, kidnaping, and assault and battery of a high and aggravated nature ("ABHAN") and his sentence of 48 years. A review of the objections, affidavits, and attachments filed by the petitioner reveal that he alleges many different grounds for review by this Court and that he has exhausted his state court remedies. However, it remains clear that the petitioner is still seeking to vacate or attack his state criminal convictions and sentence, which is not a cognizable claim under § 2241. While petitioner objects to the requirement that he complete a § 2254 habeas petition, arguing that instead he should be permitted to file a § 2241 habeas petition, as explained in the previous Report and Recommendation filed on May 16, 2008, a § 2241 petition generally challenges the *execution* or *implementation* of a prisoner's sentence, such as parole matters, computation of sentence by prison

---

[1] Contemporaneously with this Report and Recommendation, the undersigned enters an Order that the Clerk shall not serve the petition upon the respondents.



officials, prison disciplinary actions, and prison transfers. *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780 at *4 (D.S.C. 2006).  Petitioner is challenging the validity of the sentence itself, and is in custody pursuant to the judgment of a state court. He cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action under § 2241. *Thomas v. Crosby*, 371 F.3d 782, 786-787 (11th Cir. 2004).  If this were not the case, "a state prisoner could simply opt out of its [2254] operation by choosing a different label for his petition." *Id.* (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)).

Petitioner's legal strategy was apparently to abandon his § 2254 petition and consent to its dismissal *with* prejudice while continuing with this § 2241 petition, arguing that the undersigned in other cases (*e.g., Lawrence Crawford v. State*, C/A No. 0:08-822-TLW-BM and *Lawrence Crawford v. State*, C/A No. 0:08-138-TLW-BM) had held that both § 2254 and § 2241 habeas relief was available to persons such as the petitioner.[2] However, while in *Lawrence Crawford v. State*, C/A No. 0:08-138-TLW-BM, the undersigned did explain that state prisoners may seek habeas relief pursuant to § 2241 or § 2254; *see* Docket Entry 14 (Report and Recommendation); that Report and Recommendation further noted that § 2241 relief *applied in only limited situations*, and that where the petitioner sought relief from a state murder conviction and sentence the remedy was pursuant to § 2254. *Id.*

In the action *sub judice*, the petitioner requests that this Court vacate his state sentence and convictions, which relief must be pursued under § 2254 in accordance with the law.

---

[2] In *Lawrence Crawford v. State*, C/A No. 0:08-822-TLW-BM, the undersigned noted that Lawrence Crawford "is the 'jailhouse lawyer' for the other 'Lieber' habeas petitions.'" *See* Docket Entry #15, the Report and Recommendation filed on March 28, 2008.  It appears that Crawford is assisting this petitioner.



Therefore, this § 2241 petition should be dismissed for failure to state a cognizable claim.  Further, because the petitioner's first § 2254 action has now been dismissed with prejudice and with the consent of the petitioner, in order for this Court to consider a second or successive § 2254 petition, the petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3).  *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003).  Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.

<u>Recommendation</u>

Based on the foregoing, it is recommended that the Court dismiss the petition in the above-captioned case *without prejudice and without requiring the respondents to file a return.  See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner).

***The petitioner's attention is directed to the important notice on the next page.***

Bristow Marchant
United States Magistrate Judge

June 17,  2008
Columbia, South Carolina

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

