UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| NAKIA CLEMMONS, ) | Civil Action No.: 0:08-cv-607-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SOUTH CAROLINA, WARDEN ) | |
| BODISON, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner, currently incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina and proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2241.

This matter is before the court with the Report and Recommendation [Docket Entry #38] of Magistrate Judge Bristow Marchant filed on June 11, 2008.[1]  The Magistrate Judge recommended that Petitioner's petition be summarily dismissed for failure to state a cognizable claim under 28 U.S.C. § 2241.  The Magistrate Judge also found that because Petitioner's previous § 2254 petition was dismissed with prejudice and with the Petitioner's consent, in order for the Court to consider a second or successive § 2254 petition, the Petitioner must first obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02.

court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

Objections to the Magistrate Judge's Report and Recommendation were due on July 8, 2008. Petitioner failed to file any objections to the Report and Recommendation, but filed a motion to stay the proceedings and to stay the time to file objections. In his motion to stay, Petitioner requests that the current proceedings be stayed until his case is transferred to the Eastern District of Michigan and joined with a purported class action pending in that District, *Crawford v. Warden, Lieber Correctional Inst.*, Case No.: 2:08-cv-12537-DPH-PJK (E.D. Mich.). However, a review of the docket for the *Crawford* case indicates that it was transferred to the District of South Carolina on June 24, 2008. The *Crawford* case is now pending before Magistrate Judge Marchant and District Judge Terry L. Wooten. *See Crawford v. Warden, Lieber Correctional Inst.,* Case No.: 0:08-cv-2339-TLW-BM (D.S.C.).

Despite Petitioner's contentions that his case should be joined with the *Crawford* case, the relief Petitioner seeks is unavailable under 28 U.S.C. § 2241. Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such

as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers. *See Manigault v. Lamanna*, No. 8:06-cv-47-JFA-BHH, 2006 WL 1328780, at *4 (D.S.C. May 11, 2006).

In this case, Petitioner seeks to vacate or attack his state court criminal conviction and sentence. However, because Petitioner is challenging the validity of his state court conviction and sentence, and is in custody pursuant to the judgment of a state court, Petitioner cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action under 28 U.S.C. § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 786-87 (11th Cir. 2004). Accordingly, having reviewed the record and applicable law, this court finds that the Magistrate Judge correctly applied the law to the facts of this case. Specifically, this court agrees with the conclusion and recommendation of the Magistrate Judge that the Petitioner has failed to state a cognizable claim for relief under 28 U.S.C. § 2241 and the current petition for writ of habeas corpus is due to be summarily dismissed.

In conclusion, the court adopts and incorporates by reference the Report and Recommendation [Docket Entry #38] of the Magistrate Judge. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is hereby **DISMISSED without prejudice**. Petitioner's [Docket Entry #40] motion to stay the proceedings and to stay time to file objections is **DENIED**.

**IT IS SO ORDERED**.

Florence, South Carolina  
July 18, 2008

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Court

3